UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEVERLY JENNINGS<br><br>PLAINTIFFS,<br><br>V.<br><br>CITY OF RIVERSIDE, ANDREW TAI, JUSTIN FITCH, CHARLIE OLIVAS, JOSE VASQUEZ, JOSE RODRIGUEZ-NAVARETTE, DANIEL COVARRUBIAS AND DOES 1 THROUGH 10, INCLUSIVE,<br><br>DEFENDANTS. | CASE NO. 5:25-cv-00929-SSS-SHK<br><br>The Hon. Sunshine Sykes<br><br>**PROTECTIVE ORDER RE CITY OF RIVERSIDE POLICE DEPARTMENT'S PRODUCTION OF BODY WORN CAMERA**<br><br>*Complaint Filed: April 16, 2025*<br>*Trial Date: None Set* |

IT IS HEREBY STIPULATED BY AND BETWEEN Plaintiff Beverly Jennings and DEFENDANTS City of Riverside, Andrew Tai, Justin Fitch, Charlie Olivas, Jose Vasquez, Jose Rodriguez-Navarette, Daniel Covarrubias, DOES 1 through 10, by and through the respective attorneys of record/and or

1
PROTECTIVE ORDER RE CITY OF RIVERSIDE POLICE DEPARTMENT'S PRODUCTION OF BODY WORN CAMERA

potential/prospective attorney of record, herein identified for purposes of this Protective Order as "the Parties", all of whom consent to the Court entering a Protective Order so as to protect Confidential and Privileged information which may impact the interests of the Riverside Police Department or others, as well as intrude upon the privacy rights of Parties, third parties, and others.

Defendant City of Riverside is willing to share Body Worn Camera during the meet and confer process of a potential Motion to Dismiss pursuant to Federal Rule 12(b)(6) with Plaintiff's attorney. The Body Worn Camera concerning the incident date of April 25, 2023, in the underlying Complaint is (a) confidential, sensitive and/or invasive of Riverside Police Department's interests, interests of Parties to this action, or potential parties, or third-party privacy rights, and possibly HIPAA.

Without a Protective Order in place, production and/or distribution of such information may run afoul of the public interest in maintaining the security and confidentiality of ongoing Riverside Police Department's operations, investigations, personnel, and confidential records involving privacy rights of those involved as well as third-party privacy rights guaranteed under the United States Constitution and the California Constitution. Unauthorized distribution may possibly have an adverse effect on any possible criminal and/or civil case, if any, and/or others, as a direct result of this incident.

Subject to and without waiving any statutory or constitutional privileges or objections to the admissibility or discoverability of any recordings produced, the Parties stipulate that access to and use of such information or evidence shall be governed by the provisions of this Stipulated Protective Order and that the terms set forth herein may be entered by the Court. This Stipulated Protective Order shall apply to any and all copies of designated matters.

/ / /

/ / /

I. **DESIGNATION OF CONFIDENTIAL MATERIALS**

    A.    "Confidential" materials shall be any and all Body Worn Camera recordings from City of Riverside's employees/deputies concerning the incident from April 25, 2023.

    B.    The Parties must make a good faith effort to immediately retrieve any information disclosed to persons not authorized by this Protective Order to review such information and obtain an agreement from the person to whom the disclosure was made to be bound by this Protective Order.

II. **RESTRICTION REGARDING CONFIDENTIAL MATTERS**

    A.    No Confidential Materials produced by the City of Riverside Police Department pursuant to this Protective Order, shall be used for any purpose other than this pending litigation; preparation for Arbitration and/or trial of this case, Beverly Jennings v. City of Riverside. et al, Case No. 5:25-cv-00929.

    B.    There shall be no disclosure of any records designated as "Confidential" to anyone other than the following:

        1.    Plaintiffs and/or Cross-Complainants;

        2.    Defendants and/or Cross-Defendants

        3.    The Parties' counsel and the Parties' counsel's staff'

        4.    Experts and consultants retained by the Parties' counsel in the preparation or presentation of the case; and

        5.    Insurance companies and their employees who have retained defense counsel in this action;

        6.    The fact finder at the time of trial, mediation and/or arbitration, subject to the Court's rulings on pre-trial motions and objections of counsel;

        7.    The Court for purposes of Judicial Notice and Court personnel, including stenographic reporters or videographers engaged in

    proceedings that are necessarily incidental to the preparation for trial;

  8. And Noticed or subpoenaed deponents and their counsel.

C. If the parties wish to disclose "Confidential" material to any person no identified in paragraphs (B)(1)-(B)(8) above, they must proceed in the following manner: the names of the person to whom "Confidential" material is to be disclosed shall be provided in writing to counsel for the City of Riverside Police Department, along with the basis for the need to disclose the information and/or recordings and a description with reasonable specificity of the "Confidential" material to be disclosed. Counsel for the City of Riverside Police Department shall have fourteen (14) days to object to such disclosure in writing. If no objection is made in that time, the request is deemed granted. If an objection is made, the requesting party must apply for relief from the Court. Such materials shall not be disclosed pending a decision by the Court on such motion.

III. **GENERAL**

A. The terms of this Stipulated Protective Order shall be binding on the Parties from the time that counsel sign the Stipulation, even if the Court has not signed the Order. However, the items and material covered by this Protective Order can be released to the Parties prior to the execution of this Protective Order by the Court.

B. The Stipulated Protective Order may be modified or terminated by this Court for good cause shown or by signed stipulation of counsel for the Parties.

C. Counsel may apply to the Court to challenge a designation made by the City of Riverside, after an attempt has been made to meet and confer over the issue. Upon such a request to the Court to challenge the designation made, the Court shall review the materials/recordings in an in-camera hearing and

determine whether the designation is appropriate. All Parties shall comply with the Stipulated Protective Order unless the Court orders otherwise.

IV. **TERMINATION OF THE LITIGATION**

A. Within sixty days after a final judgment or settlement, all original "Confidential" recordings shall be destroyed or returned to counsel for City of Riverside Police Department. If destroyed, Parties are to Notify the City of Riverside counsel in writing of the same. Notwithstanding this provision, Counsel are entitled to retain a copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such copies that contain or constitute Protected Material remain subject to this Protective Order.

B. This Stipulated Protective Order shall survive and remain in full force and effect after termination of this case and may be enforced as a contract between the Parties, or by application to the Court for a finding of contempt/ This Joint Stipulation may be executed in counterparts. When Plaintiff and Defendants have signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and each counterparty taken together shall constitute one and the same Joint Stipulation.

**IT IS SO ORDERED.**

Dated: May 20, 2025

HON. SHASHI H. KEWALRAMANI
United States Magistrate Judge