J S - 6

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES—GENERAL

| Case No. | 5:25-cv-00929-SSS-SHKx | Date | December 15, 2025 |
|---|---|---|---|
| Title | *Beverly Jean Jennings v. City of Riverside et al.* | | |

Present: The Honorable    SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    (IN CHAMBERS) ORDER (1) DISMISSING THE INSTANT ACTION; AND (2) DIRECTING THE CLERK OF COURT TO CLOSE THE CASE**

## I.    BACKGROUND

On September 16, 2025, attorneys Jerry L. Steering and Brenton Whitney Aitken Hands ("Counsel") filed a Motion to Withdraw as Counsel for Plaintiff Beverly Jean Jennings.  [Dkt. No. 30, "Motion"].  On October 8, 2025, the Court granted the Motion and ordered Counsel to serve a copy of the Order on Plaintiff.  [Dkt. No. 31].  On October 24, 2025, Counsel Jerry Steering filed a declaration indicating his office sent Plaintiff mail, but it was undeliverable and returned to his office.  [Dkt. No. 32 at 2–3].  The mailing address of which mail was undeliverable is the same mailing address listed for Plaintiff in CM/ECF.  Further, Counsel stated Plaintiff was unresponsive to communications from his office.  [*Id.*]

Subsequently, the Court ordered Plaintiff "to (1) file a notice indicating whether Plaintiff intends to proceed in this matter without counsel; and (2) provide the Court with a current mailing address."  [Dkt. No. 33].  Plaintiff was instructed to file her response no later than November 14, 2025.  [*Id.*]  Plaintiff was further warned that "[f]ailure to comply" would "result in sanctions, including dismissal of the action with prejudice."  [*Id.*]  Additionally, Plaintiff was ordered to file an amended complaint by December 5, 2025, after the Court granted Defendants'

motion to dismiss. [Dkt. No. 34]. Once again, Plaintiff was warned that failure to comply would "result in sanctions including dismissal of the action with prejudice." [*Id.*] To date, Plaintiff has failed to file a response to the Court's order or an amended complaint. Accordingly, the Court **DISMISSES** this action for failure to prosecute and failure to comply with Court orders.

## II.    DISCISSION

Federal Rule of Civil Procedure 41(b) grants the Court authority to *sua sponte* dismiss actions for failure to prosecute or failure to comply with court orders. *See* Fed. R. Civ. P. 41(b); *Wolff v. California*, 318 F.R.D. 627, 630 (C.D. Cal. 2016). Plaintiffs must prosecute their cases with "reasonable diligence" to avoid dismissal pursuant to Rule 41(b). *Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976). Plaintiff failed to comply with the Court's OSC by the Court-ordered deadline. Before dismissing an action for either failure to prosecute, failure to obey a court order, or failure to follow the local rules, a court must weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions. *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (failure to follow local rules); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (failure to prosecute or to comply with a court order). The Court need not explicitly weigh these factors. *See Ghazali*, 46 F.3d at 53–54.

The Court finds that dismissal is appropriate. Both the Court and the public benefit from the expeditious resolution of this action because further delay will impede judicial efficiency. *See Pagtalunan*, 291 F.3d at 642 ("fail[ing] to pursue the case for almost four months" favors dismissal). Plaintiff has failed to respond to the Court's orders without explanation. Further, an additional delay will prejudice Defendants. *See Sw. Marine Inc. v. Danzig*, 217 F.3d 1128, 1138 (9th Cir. 2000) ("Unreasonable delay is the foundation upon which a court may presume prejudice."). Moreover, less drastic sanctions are not realistic. The Court has already issued two orders, which fulfilled its "obligation to warn the plaintiff that dismissal is imminent." *Oliva v. Sullivan*, 958 F.2d 272, 274 (9th Cir. 1992). "[A] district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement." *Ferdik v. Bonzelet*, 963 F.2d 1262 (9th Cir. 1992) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 132–33 (9th Cir. 1987)). In sum, the Court concludes that four of the five factors weigh in favor of dismissing this action.

*See Pagtalunan*, 291 F.3d at 643 (affirming dismissal where three factors favored dismissal).

Accordingly, the Court **DISMISSES** Plaintiff's action for failure to prosecute and failure to comply with Court orders.  The Court **DIRECTS** the Clerk of Court to close the case.  (JS-6)

**IT IS SO ORDERED**.